NATHAN HABERMAN, Doing Business under the Trade Name and Style of BERGER SERVICE, Respondent, *v.* NEW YORK TELEPHONE COMPANY, Defendant, Impleaded with BERGER SERVICE CLEANING & DYEING CORPORATION, Appellant.

First Department, December 23, 1937.

*Herbert D. David* of counsel [*I. Jonas Speciner*, attorney], for the appellant.

*Jackson G. Cook* of counsel [*Benjamin Jaffe* with him on the brief], for the respondent.

PER CURIAM. The plaintiff is engaged in the cleaning and dyeing business at 1290 Lexington avenue, New York city. The defendant-appellant had a contract with the defendant New York Telephone Company, which covered telephone service at its main office and also in the stores of its authorized dealers. The listing of plaintiff's store in the telephone book under the heading of defendant-appellant's authorized dealers was " 1290 Lex. Av. Cor. 87 SAcrmnto 2-8573." The plaintiff enjoyed the privilege of having that number and the benefit which accrued to him from it for several years. The people living in the immediate neighborhood, who desired to avail themselves of the defendant-appellant's service could do so by simply calling " SAcrmnto 2-8573." The plaintiff's name was not listed in connection with that number.

The defendant-appellant, by its president, on June 24, 1937, notified the defendant New York Telephone Company that it desired to terminate its telephone service at the plaintiff's place of business. The plaintiff did not have a contract with the defendant telephone company for service under the listing, " SAcrmnto 2-8573," and consequently the service was discontinued.

One Arthur Berger, a brother-in-law of the plaintiff, is an officer of a corporation known as Arthur Berger Cleaners, Inc. Under the heading of branches of the latter corporation, plaintiff's place of business is listed at " 1290 Lex. Av. Cor. 87 SAcrmnto 2-8576." It is the contention of the defendant-appellant that Arthur Berger Cleaners, Inc., has been the recipient, through plaintiff's store, of business which was intended to be delivered to it. In addition thereto, it points to the fact that a decree was entered in the Supreme Court, New York county, in its favor restraining the Arthur Berger Cleaners, Inc., from resorting to unfair trade practices, which were calculated to deceive the public.

In view of the circumstances here outlined we do not believe that an injunction *pendente lite* should have been granted. It may be, for aught we know, that the plaintiff upon the trial of this action will be in a position to establish that he has come into equity with clean hands. However, that is a question which the trial court must determine.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.